Zack Broslavsky (SB# 241736)
zbroslavsky@bwcounsel.coms
Jonathan A. Weinman (SB# 256553)
jweinman@bwcounsel.com
BROSLAVSKY & WEINMAN, LLP
11755 Wilshire Blvd., Suite 1250
Los Angeles, CA 90025
(310) 575-2550
(310) 464-3550 facsimile

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
HYUN LEGAL, APC
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff
JAMES DAVID BRAY

(Counsel for Defendants on Next Page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID BRAY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>DTZ GLOBAL, INC., a Massachusetts Corporation and doing business as DTZ a UGL COMPANY; DTZ, INC., a Massachusetts Corporation and doing business as DTZ a UGL Company; EGON ZEHNDER INTERNATIONAL, INC., a Delaware Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case 2:14-cv-5145-CAS-JCx<br><br>*DISCOVERY MATTER*<br><br>[Magistrate Judge Jacqueline Chooljian]<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>**[CHANGES MADE BY COURT]** |

SEYFARTH SHAW LLP
John R. Giovannone (SB# 239366)
jgiovannone@seyfarth.com
SEYFARTH SHAW LLP
333 S. Hope Street, 39th Floor
Los Angeles, California 90071
(213) 270-9600
(231) 270-9601 facsimile

Jamie C. Pollaci (SB# 244659)
jpollaci@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
(310) 277-7200
(310) 201-5219 facsimile

Attorneys for Defendants
DTZ GLOBAL, INC. and DTZ, INC.


Michael D. Mortenson (SB# 247758)
michael.mortenson@klgates.com
K&L GATES LLP
1 Park Place, Twelfth Floor
Irvine, CA 92614
949.623.3624
Fax: 949.623.4492

Attorney for Defendant
EGON ZEHNDER INTERNATIONAL, INC.

TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Based on the Stipulation For Protective Order Re: Confidential Information, and for good cause shown,

IT IS HEREBY ORDERED:

Certain documents and other information disclosed in the above-referenced case shall be protected as follows:

1. **Confidential Documents.** Confidential treatment shall be afforded to all documents reflecting the financial status, the business structure and the reorganization of Defendants DTZ Global, Inc. and DTZ, Inc., and/or any of their affiliates or projects, as well as any other documents or records that potentially constitute or contain trade secret, commercially sensitive, proprietary and/or other confidential information, or implicate individuals' right to privacy. Confidential treatment shall also be afforded to all documents reflecting the financial status, the business structure and contractual relationships of Defendant Egon Zehnder International, Inc., and/or any of its affiliates or projects, as well as any other documents or records that potentially constitute or contain trade secret, commercially sensitive, proprietary and/or other confidential information, or implicate individuals' right to privacy. Confidential treatment shall also be afforded to financial documents and medical records of Plaintiff James David Bray, as well as any other documents or records that potentially implicate his right to privacy. Information regarding these same topics (hereafter "Confidential Information") shall be deemed confidential as well. Documents containing such Confidential Information shall be stamped "Confidential" prior to production (hereafter "Confidential Documents").

2. **Restricted Disclosure of Confidential Documents.** Confidential Documents obtained by the Parties during the course of discovery shall be used by the Parties solely for the prosecution and defense of claims in the Lawsuit. Absent written agreement by the producing party, Confidential Documents may not be shown, or their contents disclosed, to any person other than the following:

(a)      legal counsel of the Parties, and the necessary paralegal, secretarial and clerical personnel employed by legal counsel, including court reporters;

(b)      the Court in the Lawsuit, including any courtroom personnel, judge, referee, settlement judge, and paneled or selected jury at trial;

(c)      Plaintiff and employees of Defendants, provided that in advance of such disclosure, counsel shall inform such individuals of the terms of the Stipulation and deliver to such individuals a copy of the Stipulation and a Consent to Be Bound form, attached hereto as Exhibit "A," which shall be read and signed, and a copy of which shall be retained by counsel.  However, a deponent at a deposition in this litigation may be shown or given access to Confidential Documents during the deposition without acknowledging this Protective Order in writing, provided that counsel who asserts the information is confidential advises the deponent that:  (1) the Confidential Documents are subject to a Protective Order issued by the Court; (2) the Protective Order prohibits disclosure of such information, and the deponent shall not disclose the Confidential Documents or information contained therein to anyone outside the deposition; and (3) the deponent must return any copies of Confidential Documents after the deposition to the attorney who provided the material;

(d)      mediators retained in the action;

(e)      expert witnesses retained in the action; and

(f)      persons who counsel believes to be percipient witnesses provided that in advance of such disclosure, counsel shall inform such persons of the terms of the Stipulation and deliver to such persons a copy of the Stipulation with a Consent to Be Bound form, attached hereto as Exhibit "A," which shall be read and signed by each person, and retained by counsel.

3.      **Challenge to "Confidential" Designation.**   The Parties may, at any time consistent with the schedule set by the District Judge, serve an objection to the designation of any documents as "Confidential" which comports with Local Rule 37-1. The Parties shall thereafter confer in accordance with Local Rule 37-1 and, to the extent

1   they are unable to resolve their disputes, proceed in accordance with Local Rules 37-1
2   through 37-4.  Any "Confidential" documents identified in a motion challenging a
3   "Confidential" designation shall be submitted for filing under seal in accordance with
4   Local Rule 79-5 and with any pertinent orders of the assigned District Judge and
5   Magistrate Judge, including any procedures adopted under the Pilot Project for the
6   Electronic Submission and Filing of Under Seal Documents ("Pilot Project").  The
7   burden for demonstrating a document is "Confidential" is on the party designating such
8   "Confidential" information, not the party challenging the designation.  Pending a final
9   resolution of any objection/motion to challenge any designation, the documents and/or
10  information shall be treated as "Confidential."

11         4.      **Confidential Information and Documents at Depositions.**  Whenever
12  counsel for a Party deems that any question or line of questioning calls for the disclosure
13  of information that should be treated as confidential, or when Confidential Documents
14  are used during or in connection with a deposition, as provided above, counsel may:
15  (i) state on the record that such information and/or documents are being designated as
16  "Confidential"; or (ii) give written notice to all other counsel that such information and/or
17  documents are being designated as "Confidential" within twenty-one (21) days after
18  receiving a copy of the deposition transcript.  Only those portions of the transcript of the
19  deposition designated "Confidential" shall be so treated, except that all copies of
20  deposition transcripts that contain designated Confidential Documents and/or information
21  shall be prominently marked "Confidential."  When any portion of the transcript that has
22  been designated as "Confidential" is filed with the Court, that portion shall be submitted
23  for filing under seal in accordance with Local Rule 79-5 and with any pertinent orders of
24  the assigned District Judge and Magistrate Judge, including any procedures adopted
25  under the Pilot Project.  For convenience, if a deposition transcript contains repeated
26  references to confidential information that cannot be conveniently segregated from non-
27  confidential information, any party may request that the entire transcript be designated
28  "Confidential."  To avoid any inadvertent disclosure of confidential information, all

deposition transcripts and exhibits shall be treated as Confidential for twenty-one days after copies of the transcript are available.

5. **Filing of Confidential Documents.** This Stipulation does not necessarily require the filing of Confidential Documents to be under seal.  However, at least 10 calendar days before filing any document marked "Confidential" with the Court, the counsel for the filing party must provide written notice of intent to file such Confidential Documents to opposing counsel via email, facsimile and letter (unless the filing party was the party who produced the documents).  Within 5 calendar days of this notice, the Parties shall meet and confer in an attempt to resolve any dispute related to the filing.  If after such meeting a dispute remains, the filing party must either (a) submit the Confidential Documents for filing under seal in accordance with Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge, including any procedures adopted under the Pilot Project; or (b) file a motion with the Court for an order that the Confidential Documents in question need not be filed under seal.  The non-filing party shall have the right to oppose such a motion, and the Court will decide the issue.  If the filing party files such a motion, the Confidential Documents that are the subject of the motion must be submitted for filing under seal in accordance with Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge, including any procedures adopted under the Pilot Project.  The Parties shall request that the hearing on any such motion be conducted in camera.

6. **Confidential Documents and Information at Trial.**  The extent and manner in which any Confidential Documents and/or confidential information may be used at trial shall be decided by the Court when and as it deems appropriate.  Nothing herein shall be construed to affect in any manner the admissibility as evidence of any information or document.

7. **Return of Confidential Documents.**  All Confidential Documents, and copies of Confidential Documents, except those in the possession of the Court/Court personnel, shall be returned to the producing party at the termination of the Lawsuit or

destroyed.  Notwithstanding the above, Plaintiff's counsel shall have the right to maintain a copy of all documents used in litigation and designated as "Confidential" for purposes of maintaining a complete copy of the file pertaining to this matter while the Lawsuit or any appeal or other action related to the Lawsuit is pending.  Counsel for Plaintiff shall promptly destroy the records or return them to the producing party once litigation, and all appeals, have concluded.

8.    **Enforcement.**  In the event that any party or any party's counsel breaches any provision of the Stipulation, the other party shall have, in addition to and without limiting any other remedy or right it may have at law or in equity, the right to a temporary and permanent injunction restraining any such breach, without any bond or security being required.  The party who seeks to enforce this stipulation  shall be entitled to recover its and/or his reasonable attorneys' fees and costs in the event it and/or he prevails in a proceeding to enforce any of the provisions of the Stipulation.  The Parties agree to submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action to enforce this Stipulation.

9.    **Miscellaneous.**

a.    <u>Use by Producing Party.</u>  This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Documents or confidential information for any purpose.

b.    <u>Stipulation Effective Immediately.</u>  This Stipulation shall be binding upon the Parties upon their signature hereto, and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this Stipulation, and even if the Court does not enter the proposed Protective Order based upon this Stipulation.  In the event that the Court does not enter the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

c.    <u>Counterparts.</u>  The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one

and the same instrument.  Furthermore, signatures delivered via facsimile or electronic transmission shall have the same force, validity and effect as the originals thereof.

d.     Entire Agreement.  The Stipulation constitutes an integrated contract expressing the final, entire and exclusive agreement between the Parties and supersedes any and all prior and contemporaneous agreements, representations, negotiations, communications and understandings of the Parties, oral or written, other than any agreements Plaintiff may have signed during his employment with DTZ, and other than any prior agreements between DTZ and Egon.

e.     Severability.  If any clause, provision, covenant or condition of the Stipulation is unenforceable, illegal or invalid, the remaining provisions shall nevertheless be carried into effect.

f.     Successors and Assigns.  The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective shareholders, partners, directors, officers, heirs, successors, representatives and assigns.

g.     California Law.  The Stipulation is made and entered into in the State of California and shall be interpreted, applied and enforced under and pursuant to the laws of the State of California.

h.     Amendment.  The Parties may seek to amend this Stipulation by submitting a stipulation signed by counsel for both of the Parties for the Court's approval.  Absent Court approval, no such stipulation by counsel is enforceable by the Court.

IT IS SO ORDERED.


Dated:  February 6, 2015                    _____/s/_____
                                            Honorable Jacqueline Chooljian
                                            United States Magistrate Judge

EXHIBIT A

CONSENT TO BE BOUND

I, _____ (print name), declare:

1.      I have read the attached Stipulation for Protective Order Re: Confidential Information in the litigation between plaintiff James David Bray and defendants DTZ Global, Inc., DTZ, Inc. and Egon Zehnder International, Inc. (the "Order").

2.      I am familiar with the contents of the Order and agree to comply with and be bound by the provisions thereof.

3.      I will hold in confidence, will not disclose to anyone other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation, and only as expressly permitted by the terms of the Order, any information designated as "Confidential" that I receive or view in this action.

4.      I understand that I am to retain all copies of any documents or materials designated "Confidential" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials are to be returned immediately to counsel who provided me with such material.

5.      By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California, as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Consent to Be Bound.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ (date) at _____ (city, state).


_____
(Signature)

18868953v.1